

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
04/29/2010

| | | |
|---|---|---|
| IN RE: | § | |
| ASPEN EXPLORATION INC | § | CASE NO: 08-50325 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| JANET NORTHRUP | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-5007 |
| | § | |
| MANGUM OILFIELD SERVICES, INC. | § | |
| Defendant(s) | § | |

### MEMORANDUM OPINION
### (DOC #11)

For reasons set forth below, the Court has by separate final judgment issued this dated granted Plaintiff's Motion for Summary Judgment (docket # 11).

*JURISDICTION AND VENUE*

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. § 1408.

*BACKGROUND*

In this adversary proceeding, Plaintiff seeks to avoid and to recover a $150,000 post-petition transfer under authority of 11 U.S.C. §§ 549 and 550. Mangum's answer (docket # 6) denies the material allegations of the Trustee's complaint.

Plaintiff filed her motion for summary judgment (docket # 11) on April 1, 2010. In support of her motion, the Trustee attached competent affidavits and evidence, including, but not limited to, Check No. 37882, dated January 9, 2009 in the amount of $150,000.00 payable to Mangum's Oilfield Services, Inc, bank statements, and Mangum's responses to the Trustee's request for admissions.

In response (docket # 12), Mangum contends that it is not the initial transferee and not the entity for whose benefit Debtor's transfer was made, but that it is a subsequent transferee to whom additional defenses are available under 11 U.S.C. § 550(b)(1).

Plaintiff filed a reply to Mangum's response (docket #13), limited to citation of legal authorities.

## *SUMMARY JUDGMENT STANDARD*

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.,* 560 F.3d 361, 365 (5th Cir.2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 326 (5th Cir.2009); *Warfield v.. Byron,* 436 F.3d 551, 557 (5th Cir.2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins,* 551 F.3d 322, 326 (5 th Cir.2008) ("A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin County,* 535 F.3d 365, 373 (5th Cir.2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.,* 562 F.3d 751, 754 (5th Cir.2009); *LeMaire v. La. Dept. of Transp. & Dev.,* 480 F.3d 383, 387 (5th Cir.2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber,* 353 F. 393, 405 (5th Cir.2003). The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir.2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 412 (5th Cir.2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber,* 353 F.3d 393, 403 (5th Cir.2003); *Chaplin v. Nationscredit Corp.,* 307 F.3d 368, 372 (5th Cir.2002) (quoting *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon,* 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency,* 537 F.3d 504, 507 (5th Cir.2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *92, 203.00 in United States Currency,* 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 301 (5th Cir.2004); *Raga v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian*

*Bulk Transp. A/S,* 520 F.3d at 412; *Ballard v. Burton,* 444 F.3d 391, 396 (5th Cir.2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims.  Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex,* 477 U.S. at 324.  The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 163-64 (5th Cir.2006); *Baranowski v. Hart,* 486 F.3d 112, 119 (5th Cir.2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.,* 431 F.3d 191, 197 (5th Cir.2005).

## ANALYSIS

The Trustee's ("Plaintiff's") complaint alleges a right to recover $150,000 paid to Mangum Oilfield Services, Inc. ("Defendant" or "Mangum") without court authority subsequent to the filing of the involuntary petition commencing this bankruptcy case.

Plaintiff's summary judgment evidence demonstrates that the following events occurred prior to the commencement of Aspen Exploration, Inc.'s ("Debtor's") bankruptcy case:  (i) Defendant ("Mangum") obtained a judgment against Debtor, (ii) Mangum discovered that Hesco was purchasing gas production owned in part by Debtor and that therefore from time to time Hesco was holding funds that it owed to Debtor, and (iii) Mangum garnished the debt from Hesco to Debtor.  Plaintiff's summary judgment evidence demonstrates that subsequent to the commencement of this bankruptcy case (iv) Debtor, Mangum, and Hesco entered into a settlement whereby Debtor directed Hesco to satisfy Mangum's judgment by paying Mangum $150,000 otherwise due to Debtor from the sale of its gas, and (v) Eagle Rock Energy Partners made the $150,000 payment to Mangum in satisfaction of the judgment.  Mangum's summary judgment evidence does not dispute the Trustee's contentions or summary judgment evidence as set out in this paragraph.

Mangum's summary judgment evidence confirms that the $150,000 payment was made by Eagle Rock, not Hesco, and therefore Mangum asserts that it is a subsequent transferee, not a direct transferee, from Debtor. Mangum concedes that Plaintiff's summary judgment evidence establishes that Hesco is a subsidiary of Eagle Rock,[1] but Mangum's summary judgment evidence establishes that while they are related companies, Hesco and Eagle Rock are separate legal entities. Mangum does not allege that the payment from Eagle Rock was anything other than payment of the funds that Mangum had garnished in Hesco's hands, funds that Debtor had directed Hesco to pay to Mangum in satisfaction of the judgment.[2]

---

[1] Docket # 12, paragraph 6.
[2] The Trustee notes that Mangum did not plead this issue in its answer.  In response Mangum asks for permission to amend its answer.  The Court would be reluctant to allow amendment at this time, only about a month prior to trial.  But more important, for reasons set forth above, the Court believes that Plaintiff is entitled to summary judgment, even if the amendment were allowed.

The significance of Mangum's contention is straightforward. If Mangum was an "initial transferee or the entity for whose benefit such transfer was made," then Plaintiff can recover regardless of Mangum's knowledge and regardless of whether the payment was made for an antecedent debt. But if Mangum was a subsequent transferee, then Plaintiff may not recover (i) if Mangum took the funds "for value" (including payment of an antecedent debt), and (ii) if Mangum had no knowledge of the avoidability of the transfer.[3] Mangum offers summary judgment evidence that it had no knowledge of the transfer and that Eagle Rock is a separate corporation from Hesco, even if they are related entities.

Regardless of which entity issued the check to Mangum, it is undisputed that the payment came from funds to which Debtor was entitled (except for Mangum's garnishment), funds over which Debtor had complete control (except for Mangum's garnishment), and funds which Debtor had (post-petition) directed Hesco to pay to Mangum in satisfaction of Mangum's judgment against Debtor. The Court agrees with Plaintiff that:

> In the Fifth Circuit, the "dominion or control" test determines whether a party is an initial transferee. *Coutee v. Brunson*, 984 F.2d 138, 141 (5th Cir.1993). An entity has dominion over funds if it has the right to put the funds to its own use. *Id*. For example, in *Bonded*, the Seventh Circuit found an intermediary was not an initial transferee when it held funds "only for the purpose of fulfilling an instruction to make the funds available to someone else." *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890 (7th Cir. 1988). *See also Keller v. Blinder (In re Blinder, Robinson & Co., Inc.)*, 162 B.R. 555, 562 (Bankr. D. Colo. 1994) (finding that bank was not initial transferee when it merely followed instructions from shareholders as to where to send funds).

In addition, it is clear that (but for the garnishment) the funds were due to Debtor, that Debtor controlled the disposition of the funds by virtue of the settlement agreement, and most important (regardless of how the money moved within the Hesco/Eagle Rock companies) that Mangum was "the entity for whose benefit such transfer [of Debtors funds] was made."[4] Included in Plaintiff's summary judgment evidence is a business records affidavit from the custodian of Hesco's records. Attached to that affidavit is a copy of the letter from Eagle Rock that states that the $150,000 check was paid according to the settlement that released the garnishment of funds Hesco held for Debtor. The affidavit states that the letter was kept in the ordinary course of Hesco's business by employees as part of their regular duties. There is no indication that there is any dispute that Debtor had control over the funds and directed payment of the funds to Mangum. There is no dispute that as a result of Debtor's direction to Hesco, Eagle Rock wrote the check to Mangum. At most, the settlement agreement initiated a transfer between parent-subsidiary companies that resulted in payment to Mangum. But Mangum was always the "the entity for whose benefit such transfer [of Debtor's funds] was made." As a matter of law, that is enough to entitle Plaintiff to recover under § 550(a)(1).

---

[3] Bankruptcy Code § 550(a) and (b)(1).
[4] The language of Bankruptcy Code § 550(a)(1).

*CONCLUSION*

      Based upon the entirety of the evidence before the Court, the pleadings, and arguments of counsel, the Court finds the Trustee's request for judgment is appropriate. Therefore, by separate judgment issued this date, the Court orders that the Trustee may avoid and recover the subject post-petition transfer in the amount of $150,000 against Mangum Oilfield Services, Inc. pursuant to 11 U.S.C. §§ 549 and 550.

      SIGNED 04/28/2010.

*Wesley W. Steen*
Wesley W. Steen
United States Bankruptcy Judge